1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC. doing business as LIFEPROOF, | CASE NO. 13cv0158 - IEG (KSC) |
| Plaintiff and Counterclaim Defendant, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS** |
| v. | **[Doc. No. 19]** |
| SEIDIO, INC., | |
| Defendant and Counterclaim Plaintiff. | |

18        Presently before the Court is Plaintiff TreeFrog Developments, Inc. doing

19   business as LifeProof ("LifeProof")'s motion to dismiss counterclaims of Defendant

20   Seidio, Inc. [Doc. No. 19, *Pl.'s Mot.*]  For the following reasons, the Court

21   **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to dismiss.

22                         **BACKGROUND**

23        This case arises from a patent infringement dispute.  LifeProof holds United

24   States Patent No. 8,342,325 (the "'325 Patent") which involves a case capable of

25   protecting a smartphone from contact with water and other environmental hazards.

26   [*Id.* at 6-7.]  LifeProof filed suit alleging that Seidio's "OBEX" smartphone case

27   infringes the '325 Patent.  [Doc. No. 1, *Pl.'s Complaint*, ¶ 12.]

28        In its Answer, Defendant counterclaims for declaratory judgment of non-

infringement, breach of contract, unfair competition, breach of fiduciary duty and partnership, and promissory estoppel. [Doc. No. 9, *Def.'s Ans. & Counterclaim ("Def.'s CC")*, at ¶¶ 17-38.[1]] In support of these counterclaims, Defendant alleges that high-level executives from both Seidio and LifeProof met in Hong Kong on or around October 17, 2012, to discuss deal points for a partnership and contract for the co-branding of mobile cell phone accessories. [*Id.* ¶ 9.] This meeting resulted in a partnership (the "L-S Partnership") and contract (the "Partnership Agreement") between the parties with terms confirmed by the parties on or around the same date. [*Id.*] Terms of the Partnership Agreement included "the co-branding of certain products including, but not limited to, a particular water-proof mobile phone case for the Samsung Galaxy S3" (the "Goods") and "equally splitting the costs of manufacture, production, delivery, administration and, ultimately, the profits received from the sales of the Goods." [*Id.*]

Defendant further alleges that the parties exchanged emails "confirming that Seidio was to commence its performance of the terms of the Partnership Agreement in order to meet critical deadlines." [*Id.* at ¶ 10.] This performance by Seidio included "tooling the factory (*i.e.*, providing the factory with machinery in preparation for production)" in furtherance of the agreed upon production output. [*Id.*] Defendant contends that it "started to perform its duties . . . in furtherance of the Partnership, including the purchase of machinery to prepare its factory" and "expend[ed] considerable sums of money in reliance upon Plaintiff's representations." [*Id.* at ¶ 12.] Then, Defendant alleges, Plaintiff "attempted to breach the partnership and contractual obligations" and "requested that its performance obligations should be excused because Plaintiff's bank supposedly would not extend Plaintiff's line of credit and/or cash assets to an entity that is not wholly owned by LifeProof." [*Id.* at ¶ 13.] Defendant claims that "this was a

---

[1] Defendant numbered its answers and counterclaims separately, thereby repeating paragraph numbers. [Doc. No. 9.] Unless otherwise noted, paragraph numbers referenced herein refer to counterclaims.

pretext to justify breach," [*id.*], and that Plaintiff "breached the Partnership Agreement by refusing to pay for half of the tooling costs in preparing Seidio's factory for production of the Goods, as well as failing to abide by any other terms of the Partnership Agreement, including continuing the business of the L-S Partnership itself, and sharing half of the profits therefrom," [*id.* at ¶ 23]. Finally, Defendant asserts that Plaintiff came to view Defendant as a competitor rather than a partner, and filed the case at bar in an attempt to "gain a tactical advantage in the marketplace" over Defendant. [*Id.* at ¶ 16.]

By the present motion, Plaintiff moves to dismiss Defendant's counterclaims for (1) breach of contract, (2) unfair competition, (3) breach of fiduciary duty and partnership, (4) promissory estoppel, and (5) Defendant's prayer for exemplary and punitive damages in connection with its second, third, and fourth counterclaims. [Doc. No. 19, *Pl.'s Mot.*, at 6.]

## DISCUSSION

### A. Motion to Dismiss and Leave to Amend

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of this showing. *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and must accept all factual allegations pleaded in the pleading as true, drawing all reasonable inferences therein in favor of the nonmoving party, *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (internal citation

/ / /

/ / /

/ / /

omitted). To avoid a Rule 12(b)(6) dismissal, a pleading need not contain detailed factual allegations;[2] it need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Where dismissal is appropriate, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Doing so allows courts to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Courts generally grant leave to amend unless doing so "would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1053 (N.D. Cal. 2012) (citing *Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F. 3d 522, 532 (9th Cir. 2008). Furthermore, "a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

/ / /

/ / /

---

[2] In its motion, Plaintiff repeatedly conflates the pleading standard under Rule 8 with a requirement to plead with particularity. [*See, e.g.*, Doc. No. 19, *Pl.'s Mot.*, at 9, 10.] Even after *Iqbal* and *Twombly* the plausibility standard of Rule 8 does not require "the who, what, when, where, and how of the misconduct alleged." *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). *See also Quintana v. California-Osha*, 1:12-CV-00822-LJO, 2012 WL 4433798, at *3 (E.D. Cal. Sept. 24, 2012); *Wanachek Mink Ranch v. Alaska Brokerage Int'l, Inc.*, C06-089RSM, 2009 WL 1342676, at *3 (W.D. Wash. May 5, 2009); *Cascades Computer Innovation LLC v. RPX Corp.*, 12-CV-01143 YGR, 2013 WL 316023, at *6 (N.D. Cal. Jan. 24, 2013); *Coal. for a Sustainable Delta v. F.E.M.A.*, 711 F. Supp. 2d 1152, 1159 n.2 (E.D. Cal. 2010).

**B.     Defendant's Counterclaims**

      **1.     Breach of Contract**

Under California law, breach of contract requires sufficient allegation of the following elements: the existence of a contract; the pleading party's performance or excuse for nonperformance; the nonpleading party's breach, and; resulting damage to the pleading party. *See Reichert v. Gen. Ins. Co. of Am.,* 68 Cal. 2d 822, 830 (1968). Plaintiff challenges the sufficiency of Defendant's allegations of existence of a contract, performance, and breach. [Doc. No. 19, *Pl.'s Mot.*, 8-10.]

          **a.     Existence of a Contract**

Under California law, existence of a contract "may be pleaded either by its terms-set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference-or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *Frontier Contracting, Inc. v. Allen Eng'g Contractor, Inc.*, CV F 11-1590 LJO DLB, 2012 WL 1601659, at *4 (E.D. Cal. May 7, 2012) (quoting *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)).

Here, Defendant alleges that "[i]n or around October 17, 2012, high-level executive representatives from both Seidio and Plaintiff met in Hong Kong to discuss deal points which created a partnership and contract between the parties wherein they agreed to co-brand mobile cell phone accessories." [Doc. No. 9, *Def.'s CC*, ¶ 9.] Furthermore, that confirmed terms of the "partnership and contract between the parties" included a "co-branding of certain products, including, but not limited to, a particular water-proof mobile phone case for the Samsung Galaxy S3" and "equally splitting the costs of manufacture, production, delivery, administration and, ultimately, the profits received from the sales" of such products. [*Id.*]

Plaintiff disputes whether these allegations suffice. [Doc. No. 19, *Pl.'s Mot.*, at 8-9; Doc. No. 28, *Pl.'s Reply*, at 5.] Taking these allegations as true, *Davis*, 691 F.3d at 1159, Defendant sufficiently pleads the substance of the contract's relevant

terms.  *See Mortgage Indus. Solutions, Inc. v. Collabera, Inc.*, CIV-S-2636-KJM, 2011 WL 1135907, at *2-3 (E.D. Cal. Mar. 25, 2011) (finding sufficient allegation of existence of a contract where claimant "alleged that [the parties] entered into a contract . . . for the development of a search engine for mortgage information" and that "[f]ederal procedural rules do not require that the contract at issue be attached to the complaint"); *cf. N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (finding failure to plead existence of a contract by its legal effect where the claimant "has not explained why it cannot plead, among other things, the nature of the contract, dates pertinent to the contract, and other relevant terms that would put North County on notice of the basis of [the claim].").  Accordingly, Defendant sufficiently alleges the existence of a contract.[3]

### b.  Defendant's Performance

Performance, or an offer to perform, is generally required as a condition precedent to a party bringing an action to recover on a contract.  *See* Cal. Civ. Code § 1439.  Therefore, the relaxed pleading standard of Federal Rule of Civil Procedure 9(c) applies to the element of performance, providing that "[i]n pleading conditions precedent, it suffices to allege generally that all the conditions have occurred or been performed."  *See Kiernan v. Zurich Co.*, 150 F.3d 1120, 1124 (9th Cir. 1998) (holding that a plaintiff's general statement is an adequate averment of performance of conditions precedent).  However, "a general allegation of due performance will not suffice if the [claimant] also sets forth what has actually occurred and such specific facts do not constitute due performance."  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1389-90 (1990).

---

[3] Plaintiff's argument that Defendant fails to "even identify if the alleged contract was written or oral," [Doc. No. 19, *Pl.'s Mot.*, at 9], cites no authority requiring such identification. *Cf. James River Ins. Co. v. DCMI, Inc.*, C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012) (finding the allegation of existence of a "written or verbal contract" sufficient for a breach of contract claim).

Defendant generally alleges that it "at all times performed its obligations under the terms of the Partnership Agreement, and at all times stood ready to perform." [Doc. No. 9, *Def's CC*, ¶ 22.] None of Defendant's factual allegations controvert this general statement. [*See generally*, Doc. No. 9, *Def's CC*.] Accordingly, Defendant meets the requisite pleading standards. *See Toyrrific, LLC v. Karapetian*, 2:12-CV-04499-ODW EX, 2012 WL 3542578, at *6 (C.D. Cal. Aug. 16, 2012) (denying motion to dismiss breach of contract claim where claimant generally alleged that it performed all required conditions under the contract); *Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc.*, C 07-01519 WHA, 2007 WL 1795695, at *2 (N.D. Cal. June 20, 2007) (denying motion to dismiss where claimant generally alleges that it "has performed all obligations under the Lease Agreement due and owing to defendants and/or Lessee, except for those which Plaintiff was prevented or excused from performing.").

### c.   Plaintiff's Breach

To plead breach, a claimant must allege how the non-claimant breached a relevant term of the alleged contract. *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1096 (N.D. Cal. 2007) (granting motion to dismiss where plaintiff failed to allege breach of any relevant contract term). Here, Defendant alleges that both parties agreed to equally share the costs of manufacture and production, [Doc. No. 9, *Def's CC.*, ¶ 9], and that Plaintiff "has breached the Partnership Agreement by refusing to pay for half of the tooling costs in preparing [Defendant's] factory for production of the Goods," [*id.* at ¶ 23]. These allegations suffice. *See Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, C 12-2582 CW, 2013 WL 368365 (N.D. Cal. Jan. 29, 2013) (denying motion to dismiss breach of contract counterclaim to a patent and copyright infringement action where claimant alleged both a contract provision requiring notice or explanation for termination and non-claimant's violation of that specific contract provision); *cf. Harvey v. Bank of Am., N.A.*, 12-3238 SC, 2013 WL 632088, at *4 (N.D. Cal. Feb. 20, 2013) (granting

motion to dismiss where claimant failed to allege which terms of the contract were breached).

### d.    Breach of Contract Disposition

Because Defendant sufficiently alleges breach of contract, the Court **DENIES** Plaintiff's motion to dismiss this claim.

### 2.    Unfair Competition Under Business and Professions Code § 17200

The purpose of California Business and Professions Code section 17200 ("UCL") "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (internal citation omitted).  The UCL provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act."  Cal. Bus. & Prof. Code § 17200.  This disjunctive form provides for three independent prongs based upon acts which are (1) unlawful, (2) unfair, or (3) fraudulent.  *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  "An act can be alleged to violate any or all of the three prongs of the UCL."  *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).  Because Defendant does not specify which prong of the UCL Plaintiff's actions allegedly violate,[4] [Doc. No. 9, *Def.'s CC*, ¶ 26], the Court examines each prong independently below.

### a.    Unlawful Act

An unlawful act is "anything that can properly be called a business practice and that at the same time is forbidden by law."  *Farmers Ins. Exch. v. Superior*

---

[4] Plaintiff argues that Defendant's UCL claim fails because the pleading "identifies 'no particular section of the [§ 17200] statutory scheme which was violated and fails to describe with reasonable particularity the facts supporting violation.'" [Doc. No. 19-1, *Pl.'s Mot.*, at 11 (citing *Schwartz v. IndyMac Fed. Bank*, 2:10-CV-00516, 2010 WL 2985480, at *4 (E.D. Cal. July 27, 2010).]  However, the *Schwartz* court erroneously relies on a California state court action applying state pleading standards.  *Id.* (citing *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  State pleading standards are inapplicable here.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 513 (2002); 28 U.S.C. § 1652.

*Court*, 2 Cal. 4th 377, 383 (1992) (internal citation omitted). Defendant alleges no statutory violation underlying its UCL claim, but rather that Plaintiff's actions violate "California common law." [Doc. No. 9, *Def.'s CC*, ¶ 26.] Under California law, "reliance on general common law principles to support a cause of action for unfair competition is unavailing." *Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App. 4th 1061, 1072 (2004). Because Defendant's allegation of Plaintiff's "unlawful" act rests entirely on common law theories, Defendant fails to sufficiently allege a UCL claim under the "unlawful" prong. *See Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (1997) ("[w]hile these [common law] doctrines do provide for civil liability upon proof of their elements they do not, by themselves, describe acts or practices that are illegal or otherwise forbidden by law"); *Khoury*, 14 Cal. App. 4th 612 (claimant's UCL claim rejected while breach of contract claim permitted to proceed); *see also Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) ("a common law violation such as breach of contract is insufficient" to establish a claim under the unlawful prong of the UCL); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074–75 (C.D. Cal. 2003) (finding that a UCL claim under the "unlawful" prong may be premised on a common law breach of contract violation only if that violation is also unlawful, unfair, or fraudulent).

### b. Unfair Act

An "unfair" act is one which "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law." *Cel-Tech Commc'ns*, 20 Cal. 4th at 187. Because the "antitrust laws . . . were enacted for the protection of *competition*, not *competitors*," *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110 (1986) (emphasis in original), "injury to a competitor is not equivalent to injury to competition," and thus, standing alone cannot suffice to establish an "unfair" act under the UCL, *Cel-Tech Commc'ns*, 20 Cal. 4th at 186.

13cv0158

Defendant alleges that Plaintiff "filed the instant lawsuit . . . to gain a tactical advantage in the marketplace over a partner who Plaintiff decided . . . was a competitor."  [Doc. No. 9, *Def.'s CC*, ¶ 16.]  Here, while Defendant alleges harm to itself as a competitor, it fails to assert harm to competition and therefore fails to allege the requisite violation of the "policy or spirit" of an antitrust law. Accordingly, Defendant has not sufficiently alleged an "unfair" act in violation of the UCL.  *See First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, C-07-2424 SC, 2007 WL 2572191, at *5 (N.D. Cal. Sept. 5, 2007) (dismissing UCL action for failure to state a claim under the unfairness prong where a company allegedly caused damages to a competitor as a result of its disclosure of confidential information while soliciting business); *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 20 (2012) (finding that voluminous evidence of harm suffered by a competitor fails to support an antitrust claim requiring evidence of harm to competition instead).

### c.    Fraudulent Act

A "fraudulent" act is one which is likely to deceive members of the public. *See Comm. on Children's Television, Inc. v. Gen'l Foods Corp.*, 35 Cal. 3d 197, 211 (1983).  If the UCL claim is grounded in alleged fraud, the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply, which require a party to "state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged."  *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citation omitted).

Nothing in the Defendant's allegations suggests that Plaintiff acted in a manner likely to deceive members of the public.  [*See generally* Doc. No. 9, *Def.'s CC*.]  Especially given the heightened pleading requirements for fraud, Defendant fails to allege a violation of the UCL based on a "fraudulent" act by Plaintiff. *See, e.g., Garcia v. Sony Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1065 (N.D. Cal. 2012) (granting motion to dismiss claimant's UCL claim based on alleged

"fraudulent" acts where claimant fails to satisfy the heightened pleading requirements under Rule 9(b)).

### d. UCL Disposition

Because Defendant has failed to sufficiently allege acts under any of the three prongs of the UCL, Plaintiff's motion to dismiss this claim is **GRANTED WITHOUT PREJUDICE**.

### 3. "Breach of Fiduciary Duty & Partnership"

Defendant's Fourth Counterclaim is entitled "Breach of Fiduciary Duty & Partnership." [Doc. No. 9, *Def.'s CC*, ¶¶ 29-32.] Plaintiff first argues that this count should be dismissed because it combines two independent causes of action, breach of fiduciary duty and breach of partnership. [Doc. No. 19, *Pl.'s Mot.*, at 13.] However, Federal Rules of Civil Procedure specifically provide that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2).

Plaintiff then argues that Defendant fails to state a claim for either cause of action. [*Id.* at 13-14.] Accordingly, the Court analyzes each potential claim separately below.

### a. Breach of Fiduciary Duty

A breach of fiduciary duty claim requires "[1] existence of a fiduciary relationship, [2] its breach, and [3] damage caused by the breach." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 244 (2007). Plaintiff challenges the existence of a fiduciary duty and breach. [Doc. No. 28, *Pl.'s Reply*, 9-10.]

With regard to the existence of a fiduciary relationship, California law provides that partners owe fiduciary duties to the partnership and to other partners. *See* Cal. Corp. Code. § 16404(a). Defendant sufficiently alleged the existence of a contract "which created a partnership . . . between the parties." [Doc. No. 9, *Def.'s CC*, ¶ 9.] Accordingly, Defendant sufficiently alleges the existence of a fiduciary

duty.  *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008) (stating that a fiduciary relationship arises, among other times, when a party enters into "a relationship which imposes that undertaking as a matter of law." (quoting *Comm. on Children's Television, Inc.*, 35 Cal. 3d at 221)).

With regard to the breach of this fiduciary duty, Section 16404(d) of the California Corporations Code provides that "[a] partner shall discharge the duties to the partnership and the other partners . . . and exercise any rights consistently with the obligation of good faith and fair dealing."  Cal. Corp. Code. § 16404(d).  *See also Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 959-60 (2008) ("[f]iduciary . . . relationships are relationships existing between parties . . . bound to act with the utmost good faith for the benefit of the other.").  Defendant alleges that "Plaintiff has breached the Partnership Agreement by refusing to pay half of the tooling costs . . . for production of the Goods, as well as failing to abide by any of the other terms of the Partnership Agreement, including continuing the business of the . . . Partnership, and sharing half the profits therefrom."  [Doc. No. 9, *Def.'s CC*, ¶ 23.]  Taken as true, these allegations plausibly represent less than the utmost good faith required under a fiduciary duty, and therefore sufficiently allege its breach.  *See Leff v. Gunther*, 33 Cal. 3d 508, 515 (1983) ("[a] partner may not dissolve a partnership to gain the benefits of the business for himself, unless he fully compensates his copartner for his share of the prospective business opportunity.") (internal citation omitted); *Dickson, Carlson & Campillo v. Pole*, 83 Cal. App. 4th 436, 445 (2000) ("[t]he partners of a dissolved partnership owe each other a fiduciary duty to complete the partnership's unfinished business, and the failure to discharge that duty is actionable.") (internal citation omitted).

Accordingly, Defendant sufficiently alleges breach of fiduciary duty and the Court **DENIES** Plaintiff's motion to dismiss.

/ / /

/ / /

13cv0158

### b. Breach of Partnership

Neither party identifies any difference under California law between a claim for breach of partnership and a claim for breach of contract. Plaintiff argues that, to the extent Defendant intends to assert a claim for breach of partnership in this count, such a claim is identical to Defendant's earlier breach of contract claim and therefore fails for the same reasons. [Doc. No. 19, *Pl.'s Mot.*, at 14.]

Because the Court already established that Defendant sufficiently alleges breach of contract, Defendant also sufficiently alleges breach of partnership. Accordingly, the Court **DENIES** Plaintiff's motion to dismiss this claim.

### 4. Promissory Estoppel

Defendant alleges a claim for promissory estoppel in the alternative to its breach of contract claim. [Doc. No. 9, *Def.'s CC*, ¶¶ 33-38; Doc. No. 26, *Def.'s Opp.*, at 18.] "The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005) (internal citation omitted).

"Because promissory estoppel is an equitable doctrine to allow enforcement of a promise that would otherwise be unenforceable, courts are given wide discretion in its application." *Id.* at 902 (internal citation omitted). "However, the purpose of this doctrine is to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange." *Youngman v. Nevada Irr. Dist.*, 70 Cal. 2d 240, 249 (1969). Therefore, under California law, "where the promisee's reliance was bargained for, the law of consideration applies; and it is only where the reliance was unbargained for that there is room for application of the doctrine of promissory estoppel." *Healy v. Brewster*, 59 Cal. 2d 455, 463 (1963) (en banc) (followed by *Youngman*, 70 Cal. 2d at 249).

As a threshold issue, the Court notes that Defendant's claim for promissory estoppel is based on the same alleged promises underlying its breach of contract claim. [Doc. No. 9, *Def.'s CC*, ¶¶ 20-24, 33-38.] And thus, Defendant "is simultaneously alleging that those promises were part of a valid contract [supported by consideration] and that they were unsupported by consideration." *SOAProjects, Inc. v. SCM Microsystems, Inc.*, 10-CV-01773-LHK, 2010 WL 5069832, at *9 (N.D. Cal. Dec. 7, 2010) (denying motion to dismiss promissory estoppel claim based on the same allegations as a breach of contract claim). Still, that these claims will ultimately depend on mutually exclusive findings of fact is of no consequence here at the pleading stage.[5] *See Molsbergen v. U.S.*, 757 F.2d 1016, 1019 (9th Cir. 1985) (holding that a party may plead inconsistent claims under the Federal Rules of Civil Procedure and that those claims must be analyzed independently).

Notwithstanding this foreseeable inconsistency in proof, here Plaintiff challenges the pleading of three elements of Defendant's promissory estoppel claim as follows. [Doc. No. 19, *Pl.'s Mot.*, at 14.]

### a.    Clear and Unambiguous Promise

The same allegations supporting the existence of a contract support the existence of a clear and unambiguous promise. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012) ("[t]he plaintiffs' promissory estoppel claim, though, is subject to the same definiteness requirement as their breach of contract claim. Given that we have concluded that the alleged contract is

---

[5] The Court is aware of at least one district court holding to the contrary. *See Newgent v. Wells Fargo Bank*, N.A., 09CV1525 WQH, 2010 WL 761236, at *7 (S.D. Cal. Mar. 2, 2010) (granting a motion to dismiss a promissory estoppel claim under the rationale that "[b]ecause Plaintiff was already legally obligated to make payments on her mortgage . . . the payment in reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental."). While it is true that under California substantive  law breach of contract and promissory estoppel ultimately depend on mutually exclusive findings of fact (*i.e.* consideration and lack of consideration), *id.* (citing *Healy v. Brewster*, 59 Cal. 2d 455, 463 (1963)), *Newgent* errs by applying this issue of proof at the pleading stage. Even though inconsistent findings of fact may not survive the proof stage, inconsistent claims are explicitly permitted at the pleading stage under Federal Rule of Civil Procedure 8(d)(3).

sufficiently definite to survive a motion to dismiss, we vacate dismissal of the promissory estoppel claim as well.")  Therefore, Defendant sufficiently alleges a clear and unambiguous promise.

### b.    Reasonable and Foreseeable Reliance

"[R]eliance must be reasonable to set up an estoppel." *Rennick v. O.P. T.I.O.N.*, 77 F.3d 309, 317 (9th Cir.1996).  "Except in rare cases where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Makaeff v. Trump Univ., LLC*, 10CV0940-IEG WVG, 2011 WL 1872654, at *3 (S.D. Cal. May 16, 2011) (denying a motion to dismiss) (citing *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (en banc)); *see also Wilcox v. EMC Mortgage Corp.*, SACV 10-1923 DOC, 2011 WL 10065501, at *6 (C.D. Cal. July 25, 2011) ("Whether or not [claimant's] reliance actually was reasonable is a question for the fact-finder—not a question to be resolved [by a motion to dismiss].").

Defendant's allegedly "relied on Plaintiff's promise to pay . . . half of the sums expended," [Doc. No. 9, *Def.'s CC*, ¶ 36], when it invested considerable sums in the "purchase of machinery to prepare its factory for production," [*id.* at ¶ 12]. Defendant further alleges that such reliance was reasonable based on the parties' dealings prior the expenditures at issue.  [*Id.* at ¶ 37.]  Taken as true, these allegations suffice.  *See Trunov v. Rusanoff*, 12-CV-04149 NC, 2012 WL 6115608, at *3 (N.D. Cal. Dec. 10, 2012) (denying motion to dismiss where claimant's alleged reliance on an agreement to provide financial support for business expenses when incurring such expenses was plausibly reasonable); *Salcido v. Aurora Loan Servs.*, CV 11-02032 AHM FFMX, 2012 WL 123280, *5 (C.D. Cal. Jan. 17, 2012) (finding allegation of claimant's reliance on an oral promise to modify a loan when expending money on home improvements to be plausibly reasonable).

/ / /

/ / /

### c.    Injury by Reliance

Under California law, the injury element of promissory estoppel is established where the claimant suffered an "irremediable change of position . . . in reliance upon the promise." *Scales v. First Horizon Home Loans*, 2:11-CV-02505-GEB, 2012 WL 531022, at *3 (E.D. Cal. Feb. 17, 2012) (citing *Wilson v. Bailey*, 8 Cal. 2d 416, 424 (1937)). This element encompasses "damages measured by the extent of the obligation assumed and not performed." *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004).

Defendant alleges that "[a]s a direct and proximate cause of Plaintiff's acts . . . Seidio has been damaged in an amount to conform to proof at trial."[6] [Doc. No. 9, *Def.'s CC*, ¶ 38.] Defendant's allegations support an irremediable change of position through "expending considerable sums of money in reliance upon Plaintiff's representations," [*id.* at ¶ 12], by the acquisition of "machinery to prepare its factory for production," [*id.*]. Furthermore, Defendant alleges that, in undertaking such expenditures, it "relied on Plaintiff's promise to pay [Defendant] half of the sums expended." [*Id.* at ¶ 36.] Accordingly, Defendant sufficiently alleges injury by reliance. *See Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1048 (N.D. Cal. 2010) (denying motion to dismiss where claimant alleged suffering "damages in design and construction costs, loan fees, and lost profits" in reliance on a promise to provide project financing); *Trunov*, 2012 WL 6115608 at *3 (denying motion to dismiss where claimant alleged damage by incurring business expenses in reliance on a promise to provide financial support to cover such expenses).

---

[6] While Plaintiff correctly points out that Defendant's subsequent assertion that it "lost over $400,000," [Doc. No. 26, *Def.'s Opp.*, at 19, n.4], may not be considered for the purpose of this motion because it represents a factual allegation outside of the pleadings, *see Ritchie*, 342 F.3d at 908, there is no requirement for such a specific allegation at the pleading stage. *See 1849 Condominiums Ass'n, Inc. v. Bruner*, 2:09-CV-3339-JAM-EFB, 2011 WL 646390 at *3 (E.D. Cal. Feb. 17, 2011) (finding the pleading of damages "according to proof at trial . . . sufficient to establish damages for this stage of the pleadings.").

### d. Promissory Estoppel Disposition

Because Defendant sufficiently alleges promissory estoppel, Plaintiff's motion to dismiss this claim is **DENIED**.

### 5. Exemplary and Punitive Damages

The parties' arguments for and against dismissal of "claims" for exemplary and punitive damages, [*see* Doc. No. 19, *Pl.'s Mot.*, 16-19; Doc. No. 26, *Def.'s Opp.*, 19-21; Doc. No. 28, *Pl.'s Reply*, 12-14], reflect a fundamental misunderstanding of federal civil practice. A party may not concede to the improper application of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2072(a) (granting the Supreme Court, not the parties, authority to "prescribe general rules of practice and procedure" for federal district court cases); *see also* Fed. R. Civ. P. 1. Federal Rule of Civil Procedure 12(b)(6) "only countenances dismissal for failure to state a claim." *Oppenheimer v. Sw. Airlines Co.*, 13-CV-260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). "Punitive damages constitute a remedy, not a claim." *Id.* Thus, "requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)." *Id.* at *4; *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 131 (1983) ("The question whether a plaintiff has stated a claim turns not on whether he has asked for the proper remedy but whether he is entitled to any remedy."). Accordingly, Plaintiff's motion to dismiss Defendant's request for exemplary and punitive damages is **DENIED**.

## <u>CONCLUSION</u>

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff LifeProof's motion to dismiss. Specifically, the Court:

1.  **DENIES** Plaintiff's motion as to Defendant's breach of contract claim;

2.  **GRANTS** Plaintiff's motion as to and **DISMISSES WITHOUT PREJUDICE** Defendant's UCL claim;

3.  **DENIES** Plaintiff's motion as to Defendant's breach of fiduciary duty and breach of partnership claims;

4.  **DENIES** Plaintiff's motion as to Defendant's promissory estoppel claim;

5.  **DENIES** Plaintiff's motion as to Defendant's request for exemplary and punitive damage relief.

**IT IS SO ORDERED.**

**DATED:** August 6, 2013

_Irma E. Gonzalez_
**IRMA E. GONZALEZ**
**United States District Judge**

13cv0158